IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RENE FRANCES EBERHART, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> BLUE CROSS AND BLUE SHIELD OF ) <br> KANSAS, and THE RAWLINGS COMPANY, ) <br> L.L.C., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 12-4151-JAR-JPO |

## MEMORANDUM AND ORDER

Plaintiff filed a Limited Action Petition in the District Court of Shawnee County, Kansas, on October 18, 2012. Her form Petition alleges that she was denied payment of $3999.94 from a claim settlement by a third party subrogator, The Rawlings Company, L.L.C. ("Rawlings"), that was improperly held by Blue Cross Blue Shield of Kansas ("BCBS"). Defendants removed this action on November 19 and filed a Motion to Dismiss (Doc. 20) on December 28. Plaintiff filed an Amended Petition on January 15, 2013, and responded twice to the motion to dismiss. In the Amended Petition, Plaintiff expands on the allegations in the form Petition, seeking $2745.67 in an overpayment from her automobile insurance carrier to Blue Cross, which she appears to claim should have been paid to her instead of to either Blue Cross or Rawlings. Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. As explained more fully below, Defendants' motion is granted.

**I.      Legal Standard**

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to

state a claim to relief that is plausible on its face."[1] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[2] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[3] but requires more than "a sheer possibility."[4]

The plausibility standard enunciated in *Bell Atlantic v. Twombly*, seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[5] *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

Because Plaintiff is a *pro se* litigant, the court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[8] However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[2] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.*

[5] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[6] *Id.* (citing *Twombly*, 550 U.S. at 556).

[7] *Iqbal*, 556 U.S. at 678.

[8] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

2

legal theory on a plaintiff's behalf."[9] The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[10] Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[11]

## II. Discussion

In the Amended Petition, Plaintiff seeks relief under 29 U.S.C. § 1132(a) of ERISA in the amount of funds that Defendants received "outside of the Plan Contract," and alleges that she was denied requests for documents. Under § 1332(a)(1)(B), a participant may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." A participant may also file a civil action based on an "Administrator's refusal to supply requested information."[12]

Plaintiff alleges in the Amended Petition that she was involved in an automobile accident and that BCBS is the sponsor of an employee welfare benefit plan under ERISA that paid out claims for this accident. Plaintiff further alleges that she was a participant covered by an employee welfare benefit plan sponsored by BCBS. She alleges that BCBS is the plan sponsor and that Rawlings is a "third party subrogator." In her Amended Petition, Plaintiff alleges facts against "Defendant," "Blue Cross," and "Rawlings." When using the term "Defendant," it is

---

[9] *Id.*

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[11] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[12] 29 U.S.C. § 1132(a)(1), (c).

3

unclear the defendant to which she refers. Liberally construing the Amended Petition, it appears that she alleges BCBS overpaid Rawlings an amount that it retained as fees for the collection of funds—fees for which Plaintiff alleges she is not responsible under a subrogation contract. She disputes the subrogation amount collected by Rawlings from the plan related to the settlement of her automobile accident claim.

But Plaintiff does not allege that benefits are due to her under the terms of her plan. Instead, she appears to assert a claim on behalf of the plan or plan administrator challenging the subrogation agreement, a claim for which she lacks standing. Moreover, Plaintiff's allegations are insufficient to determine the nature of the subrogation arrangement of which she complains. She mentions a contract issued by the plan, but does not allege the identity of the parties to that contract, or how it affects her benefits under the terms of the plan. Finally, the figures she provides in the Amended Petition are inconsistent and fail to put the Court and Defendants on notice of her claim. Accordingly, assuming as true the facts alleged in her pleadings, Plaintiff fails to state a claim upon which relief can be granted under § 1132(a)(1)(B).

Liberally construing the Amended Petition, Plaintiff also alleges that BCBS, as a plan sponsor, failed to provide her with certain documents that she requested. The Court construes this as a claim under § 1132(c), which provides a remedy for plan participants when a plan administrator fails to comply with a request for certain types of plan information. Plaintiff can only recover under § 1132(c) against the plan administrator.[13] While Plaintiff alleges that BCBS is a plan sponsor, she does not allege that it is a plan administrator. BCBS, as the plan sponsor, may only be the plan administrator under ERISA if the plan does not specifically designate a

---

[13]*See Spires v. Sunflower Elec. Co-op, Inc.*, 280 F. Supp. 2d 1271, 1278 n.4 (D. Kan. 2003).

different person in its operating instrument.[14]  Second, Plaintiff does not specifically identify the documents that she requested, or when she requested them, but mentions copies of claim denials and the subrogation agreement with Rawlings.  Section 1132(c) is the enforcement mechanism for §§ 1124 and 1125, which govern the plan administrator's duty to provide plan benefit statements, annual reports, summary plan descriptions, and contracts under which the plan was established or is operated.[15]  Plaintiff's Amended Petition does not allege which documents the plan administrator was required to provide to her under ERISA that it failed to furnish.

In sum, the Court finds that the Amended Petition fails to meet the standards that apply under Fed. R. Civ. P. 12(b)(6).  The Court cannot find that there is a reasonable likelihood that Plaintiff can muster factual support for ERISA claims brought under 29 U.S.C. § 1132.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 20) is **granted**.

Dated: February 14, 2013

                                         S/ Julie A. Robinson
                                         JULIE A. ROBINSON
                                         UNITED STATES DISTRICT JUDGE

---

[14] 29 U.S.C. § 1002(16)(A).

[15] *See McKinsey v. Sentry Ins.*, 986 F.2d 401, 403 (10th Cir. 1993).